# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>MARY L. SMITH<br><br>Debtor | Chapter 7<br>Case No. 15-10891-MSH |
| KATHLEEN WHITCOMB AND SCOTT WHITCOMB<br><br>Plaintiffs<br><br>v.<br><br>MARY L. SMITH<br><br>Defendant | Adversary Proceeding<br>No. 15-01079 |

## MEMORANDUM OF DECISION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

"Happy families are all alike; every unhappy family is unhappy in its own way."[1] Tolstoy penned these insightful words nearly a century and a half ago. They still hold true. The Smith-Whitcomb family's unhappiness has been playing itself out in litigation spanning almost 7 years and counting. Each side in this particular chapter of the litigatory saga has asked me to end the dispute (but probably not the unhappiness) through summary judgment. As will be explained, I am unable to oblige.

---

[1] Leo Tolstoy, *Anna Karenina* 1 (1877).

1

## Facts[2]

For many years, Ms. Smith along with her husband, William Smith, owned and occupied a home located at 236 Union Street in Hanover, Massachusetts. In 1999, the Smiths entered into a written agreement with their daughter, Kathleen Whitcomb, and her husband, Scott Whitcomb, whereby the Whitcombs would move into the property after financing the construction of an "in-law" addition which the Smiths would occupy. The agreement provided that the Whitcombs would pay the costs of construction as well as a portion of the taxes, utilities and maintenance costs associated with the property, and the Smiths would convey title to the property to the Whitcombs within a reasonable period of time.

In 2000, the addition was completed and the Whitcombs moved into the property. In March of 2009 after the relationship between the parties had deteriorated and Ms. Smith threatened eviction, the Whitcombs moved out. As of that time, Ms. Smith (who had by then been widowed) still had not conveyed title to the property to the Whitcombs as required in the 1999 agreement. The Whitcombs brought suit against Ms. Smth in the superior court department of the Massachusetts trial court to enforce their rights under the agreement.

After a three day bench trial, the superior court judge found that the Whitcombs had substantially performed their obligations under the 1999 agreement and that the Smiths had materially breached that agreement by, among other things, "steadfastly refusing to transfer title to the property to the Whitcombs and by effectively evicting the Whitcombs from the main

---

[2] The facts are taken from the uncontested allegations in the complaint and the parties' agreed statement of facts.

2

house on the property." *Whitcomb v. Smith*, No. 48 Civ. 0599, 12 (Mass. Supr. Ct. August 5th, 2014). The court ordered Ms. Smith to perform her obligations under the agreement to convey title to the Whitcombs because "no other form of relief appears . . . viable or financially feasible." *Id.* at 13.

The Whitcombs moved for limited relief from the superior court's judgment. The motion was granted and on January 20, 2015, the superior court entered an amended judgment modifying the procedures by which the Whitcombs would obtain title to the property and also ordering, as an alternative to the specific performance remedy, that the Whitcombs could elect an award of money damages in the amount of $270,000.

Less than three months later on March 12, 2015, Ms. Smith filed a petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. 101, *et seq.*) commencing the main case. As of the bankruptcy filing date, the parties had not complied with the amended judgment. On schedule F (unsecured creditors) of the schedules of assets and liabilities filed by Ms. Smith in support of her bankruptcy petition she listed the Whitcombs as holding an unsecured nonpriority claim against her in the amount of $270,000.

On May 11, 2015, the Whitcombs initiated this adversary proceeding. Their complaint seeks declarations that the orders set forth in the amended superior court judgment constitute *in rem* remedies and thus the amended judgment is not a claim against Ms. Smith pursuant to 11 U.S.C. § 101(5)(B) (count II), that the amended judgment's alternative monetary award constitutes a secured *in rem* claim (count III), and that if the court determines the amended judgment to be a claim, that it be deemed non-dischargeable pursuant to Bankruptcy Code §

3

523(a)(6) (count IV).[3] The parties have filed cross motions for summary judgment on all three counts.

## Discussion

### Summary Judgement Standard

Summary judgment is appropriate when the movant demonstrates that no genuine issue of material of fact exists and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. Pro. 56, made applicable by Fed. R. Bankr. P.7056. A "genuine" issue is "one that is supported by such evidence that 'a reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving party." *See In re McCarthy*, 473 B.R. 485, 491 (Bankr. D. Mass. 2012) (quoting *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999)). A "material" fact is one that might affect the outcome of the case under the governing law. *See McCarthy*, 473 B.R. at 491. A movant in a summary judgment motion bears the initial burden of demonstrating that no genuine issue of material fact exists by pointing to materials of evidentiary quality such as affidavits or depositions that are so one-sided as to warrant judgment as a matter of law. *See Anderson v. Liberty Lobby*, 447 U.S. 242, 252 (1986); *In re Varrasso*, 37 F.Ed 760, 763 (1st Cir. 1994). "Only if the record, viewed in that manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir.1997).

### Counts II & III

#### The Whitcombs' Motion for Summary Judgment[4]

---

[3] On July 6, 2015, the parties entered into a stipulation resolving count I.

[4] The Whitcombs assert in their motion for summary judgment that they are entitled to a declaration that they have perfected a judgment lien against Ms. Smith's property pursuant to

4

In counts II and III of their complaint the Whitcombs seek declarations that both forms of relief provided by the amended superior court judgment, specific performance and money damages, are *in rem* in nature. This they claim excludes the amended judgment from the definition of a claim within the meaning of the Bankruptcy Code, insulating it from effects of Ms. Smith's bankruptcy discharge.

Bankruptcy Code § 101(5) defines a claim as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5)(B). "In enacting this language, Congress gave the term 'claim' the broadest available definition." *Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 35-36 (1st Cir. 2009) (internal quotation marks omitted). Further, "[t]he inclusion of equitable remedies that may be reduced to payment… ensures that even the most uncertain and difficult to estimate claims can be adjudicated in the bankruptcy proceedings." *Id.* at 36 (internal quotation marks omitted). The legislative history elaborates.

> This is intended to cause the liquidation or estimation of contingent rights of payment for which there may be an alternative equitable remedy with the result that the equitable remedy will be susceptible to being discharged in bankruptcy. For example, in some States, *a judgment for specific performance may be satisfied by an alternative right to payment, in the*

---

Mass. Gen. Laws ch. 184, § 17 and by operation of Bankruptcy Code § 108(c). Such relief is sought nowhere in the complaint, however, and thus the Whitcombs are not entitled to seek summary judgment on this issue. *See Queen v. Schultz*, 888 F. Supp.2d 145, 168 (D.D.C. 2012) *aff'd in part, rev'd in part on other grounds*, 747 F.3d 879 (D.C. Cir. 2014) (holding that plaintiff could not raise his claim at summary judgment stage where he failed to raise it in his complaint, nor could he "constructively amend" his complaint where claim had not been fully briefed); *see also* Fed. R. Civ. P. 15(b)(2) (made applicable by Fed. R. Bankr. P. 7015).

5

*event performance is refused; in that event, the creditor entitled to specific performance would have a "claim"* for purposes of a proceeding under title 11.

124 Cong. Rec. H11090 (1978) (remarks of Rep. Edwards and Sen. DeConcini) (emphasis added). Thus, "[a] seller's obligation under a contract for the sale of real estate is consequently treated as a claim in bankruptcy where the buyer has the right to either damages or specific performance, so that the seller's obligation is allowable and dischargeable." *In re A.J. Lane & Co.*, 115 B.R. 738, 741-42 (Bankr. D. Mass. 1990), citing *In re Aslan*, 65 B.R. 826, 831 (Bankr. C.D. Cal. 1986) ("Damages for rejection of an executory contract become a claim dischargeable in the bankruptcy only if under state law the creditor would have the choice of more than one possible remedy, with one of the choices being a money claim.").

In this case, it is the amended judgment itself and not state law which provides for money damages as an alternative to specific performance.[5] The amended judgment states:

> As an alternative to the specific performance remedy described in Paragraphs 3-10, *supra*, the Whitcombs may elect in writing, no later than four hundred and thirty five (435) days from the date of the [amended judgment], to receive an award of money damages against Mrs. Smith in the amount of $270,000, representing the appropriate net economic loss that the Whitcombs have suffered as a result of Mrs. Smith's breach of contract. In the event the Whitcombs elect this alternative remedy. They promptly shall vacate the Property and divest themselves of any interest in the Property in favor of Mrs. Smith by whatever means are reasonably necessary.

---

[5] In some states the law provides alternate relief in the form of money damages whenever specific performance becomes impossible. *See, e.g., Derma Pen, LLC. v. 4EverYoung Ltd.*, No. 2:13-CV-00729-DN-EJF, 2015 WL 641618, at *2 (D. Utah Feb. 16, 2015) ("Utah law on specific performance provides that 'where a plaintiff seeks specific performance of a contract and that relief is not available, the trial court may grant monetary damages for breach of contract.'"). In Massachusetts, however, "there is no case or statute which provides that an unenforced judgment for specific performance may be satisfied by a payment of money in the event performance is refused." *In re Roxse Homes, Inc.*, 74 B.R. 810, 819 (Bankr. D. Mass. 1987) *aff'd sub nom. Roxse Homes, Inc. v. Roxse Homes Ltd. P'ship*, 83 B.R. 185 (D. Mass. 1988) *aff'd sub nom. In re Roxse Homes, Inc.*, 860 F.2d 1072 (1st Cir. 1988) *and aff'd*, 860 F.2d 1072 (1st Cir. 1988).

It is clear that money damages are not intended to supplement specific performance, but to serve as an alternative form of relief. *See In re Ward*, 194 B.R. 703, 710 (Bankr. D. Mass. 1996) ("For an equitable remedy to be a claim, the definition requires only that the breach giving rise to the equitable remedy also give rise to a 'right' to payment. It imposes no requirement that the claimant exercise his right to payment or show an intent to exercise it.").

For the foregoing reasons, it is, therefore, obvious that the Whitcombs have a claim against Ms. Smith assertible in her bankruptcy case. The Whitcombs request for summary judgment on counts II and III of the complaint shall be denied.

### Ms. Smith's Motion for Summary Judgment

Because the amended judgment constitutes a claim as a matter of law in that it provides for "an equitable remedy for breach of performance [where the same breach also] gives rise to a right to payment," pursuant to Bankruptcy Code § 101(5)(b), summary judgment will enter in favor of Ms. Smith on counts II and III of the complaint.

### Count IV – Both Motions

Should the amended judgment be deemed a claim (as it now has), count IV of the complaint seeks a declaration that that the claim is non-dischargeable under Bankruptcy Code § 523(a)(6). Under § 523(a)(6), "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt... for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "For this exception to apply, the creditor must have suffered an injury, the debtor must have intended to cause the injury or there must have been a substantial certainty that the injury would occur, and the debtor had no justification or excuse for the action resulting in the injury."

7

*Gemme v. Gemme (In re Gemme)*, 459 B.R. 493, 499 (Bankr. D. Mass. 2011). "Debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *In re McCarthy*, 473 B.R. 485, 495 (Bankr. D. Mass. 2012) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 978, 140 L.Ed.2d 90 (1998)).

On this issue both parties assert that no genuine issue of material fact exists. The Whitcombs point to Ms. Smith's failure to perform under the agreement for 15 years, apparent dishonesty during the superior court trial, serving them with an eviction notice on Christmas Eve, and encumbering the property with multiple mortgages. Ms. Smith argues that there is nothing in the record to support a finding that the injury to the Whitcombs was intentionally inflicted or knowingly wrongful and that a breach of contract claim does not satisfy the "malicious" requirement of § 523(a)(6).

Neither side can carry the day on its request for summary judgment on count IV of the complaint. The record before me upon which I may rely at this early stage is insufficient to support a finding as to either the presence or absence of willful and malicious injury. Count IV will require a trial.

8

## Order

For the reasons explained above, the Whitcombs' motion for summary judgment is DENIED. Ms. Smith's motion for summary judgment is GRANTED as to counts II and III of the complaint, and DENIED as to count IV.

December 3rd, 2015

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Hilary S. Schultz, Esq.
Engel & Schultz, LLP
Boston, MA
for the Plaintiffs

Daniel K. Webster, Esq.
Pembroke, MA
for the Defendants